Argued June 12, reargued September 5, affirmed
November 13, 1968

## BITTE et ux, *Appellants, v.* CITY OF ST. HELENS, *Respondent.*

446 P. 2d 978

*Leo Levenson,* Portland, argued the cause for appellants. On the brief were Van Natta & Petersen, St. Helens.

*David O. Bennett,* City Attorney, St. Helens, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

The defendant city vacated part of a street abutting on plaintiffs' property. The city council found that the value of the plaintiffs' property was not depreciated by the vacation and did not award plaintiffs any damages. The plaintiffs appealed to the circuit court and the circuit court dismissed plaintiffs' appeal for lack of jurisdiction because the plaintiffs had not appealed in conformance with the statute. Plaintiffs appeal from the order of dismissal.

The legislature has set up a statutory scheme for the vacation of streets in cities. One part of the scheme concerns vacation sought by a petition of property owners, the other, vacation on the city council's own motion. This case involves the latter. The applicable statute is ORS 271.130.[1] It provides for a hearing

---

[1] "(1) The city governing body may initiate vacation proceedings authorized by ORS 271.080 and make such vacation without a petition or consent of property owners. Notice shall be given as provided by ORS 271.110, but such vacation shall not be made before the date set for hearing, nor if the owners of a majority of the area affected, computed on the basis provided in ORS 271.080, object in writing thereto, nor shall any street area be vacated without the consent of the owners of the abutting property if the vacation shall substantially affect the market value of such property, unless the city governing body provides for paying damages.

before the council. If a majority of the owners affected object to the vacation, it cannot be made. If an abutting owner does not consent and the vacation would lower the value of his abutting property, the abutting owner must be paid damages. The property owner is provided an appeal from the action of the city council to the circuit court. The appeal is governed by the same rules that govern appeals from the justice court.

In the present case the city published notice of a hearing to be held to consider the city's resolution to vacate the street in question. The plaintiffs filed a remonstrance, objecting to the vacation and stating that a vacation "will substantially affect the market value of our property. Our loss, if you persist in vacating such street over our written objections, is claimed at $5,000.00." The plaintiffs and their attorney appeared at the hearing and orally remonstrated and their writ of remonstrance was ordered filed. Two weeks later, on October 18, 1966, after due notice,

---

Provision for paying such damages may be made by a local assessment, or in such other manner as the city charter may provide.

"(2) Two or more streets, alleys, avenues and boulevards, or parts thereof, may be joined in one proceeding, provided they intersect or are adjacent and parallel to each other.

"(3) No ordinance for the vacation of all or part of a plat shall be passed by the governing body until the city recording officer has filed in his office or indorsed on the petition for such vacation a certificate showing that all city liens and all taxes have been paid on the lands covered by the plat or portion thereof to be vacated.

"(4) Any property owner affected by the order of vacation or the order awarding damages or benefits in such vacation proceedings may appeal to the circuit court of the county where such city is situated in the manner provided by the city charter. If the charter does not provide for such appeal, the appeal shall be taken within the time and in substantially the manner provided for taking an appeal from justice or district court in civil cases."

another council meeting was had and the plaintiffs' remonstrance was again considered. The minutes of that meeting recite: "Upon motion by Bernhardt, seconded by Federici, and carried, the remonstrance was overruled."

By a notice of appeal, dated November 15, 1966, the plaintiffs stated they "appeal from a certain order, entered October 18, 1966, whereby and whereunder the Common Council of the City of St. Helens overruled a written remonstrance * * * without any allowance for damages."

On November 16, 1966, upon third reading, the city council passed an ordinance which stated that the part of the street in issue here, stating its legal description, was vacated. The ordinance recited, among other things, that the remonstrance of plaintiffs was overruled and rejected. The ordinance also contained the finding of the council "[t]hat none of the property affected by such vacation will decline in value by reason of such vacation, but that the value thereof will be enhanced."

The circuit court dismissed the appeal because it found that the appeal was not in accordance with the statute. The issue is whether the statute contemplates appeal from the action that the council took on October 18th, overruling the remonstrance or from the ordinance of November 16th.

As far as notice to the city is concerned, the notice of appeal was sufficient to disclose what plaintiffs were complaining about and what relief they were seeking from the circuit court. There are additional matters, however, which must be considered. Title to real property is involved, therefore, orderliness and certainty of procedure are extremely important. See

*Jaquith v. Hartley,* 243 Or 27, 32-33, 411 P2d 274 (1966). The statute provides that the action of the council in vacating the street shall be filed for record with the recorder of the county.

■ As a general policy of judicial administration, appeal is allowed only from a final order. ORS 19.010. If the order from which plaintiffs appealed was not the final act of vacation and a decision that no damages would be awarded, it does not have the characteristics of a final order.

We do not believe that both of these council actions can be considered the action from which plaintiffs can appeal. In the interest of orderly procedure and certainty only one must be the appealable action.

■ The appeal subsection of the applicable statute, ORS 271.130(4), states: "Any property owner affected by the *order* of vacation or the *order* awarding damages * * * may appeal * * *." (Emphasis added.) On the other hand, in subsection (3) the statute refers to an *"ordinance* for the vacation of all or part of a plat * * *." (Emphasis added.) And ORS 271.150 requires "[a] certified copy of the *ordinance* vacating any street" to be recorded with the recorder. (Emphasis added.)

■ We conclude that the statute uses "order" and "ordinance" interchangeably. This is frequently done. 5 McQuillin, Municipal Corporations (3d ed 1964), § 15.08. We further conclude that regardless of what the action is labeled, the crucial inquiry is, when did the council make the irrevocable decision to vacate the street and not award the plaintiffs damages? We hold that was not done until the ordinance of November 16th was adopted.

In the present case the final action and decision by the council was the ordinance and the appeal must be from that.

Affirmed.