Argued and submitted March 6, reversed and remanded July 2, 1985

COLUMBIA RIVER TELEVISION,
*Petitioner on Review,*

*v.*

MULTNOMAH COUNTY et al,
*Respondents on Review.*

(84-016; CA A32193; SC S31303)

702 P2d 1065

Susan M. Hammer, Portland, argued the cause for petitioner on review. On the petition and brief were Mark R. Feichtinger, David G. Ellis and Stoel, Rives, Boley, Fraser & Wyse, Portland.

Peter Kasting, Assistant County Counsel, Portland, waived appearance for respondent on review Multnomah County.

Stephen T. Janik, Portland, argued the cause for respondent on review Greater Portland Broadcasting Corporation. With him on the response and supplemental response were Susan M. Quick, Jacob Tanzer and Ball, Janik & Novack, Portland. Susan M. Quick and Ball, Janik & Novack, Portland, were also on the brief.

CARSON, J.

**CARSON, J.**

Petitioner asks us to reverse the Court of Appeals' decision concluding that a rule of the Land Use Board of Appeals (LUBA), rather than a local government's ordinance, determines when a local government's decision is "final" for the purposes of appeal. We reverse and remand to LUBA for decision on the merits.

The resolution of this case lies in the interrelationship and potential conflict of a statute, an agency rule and a county ordinance:

*Statute:* The legislature has provided in ORS 197.830(7), in relevant part, as follows:

> "A notice of intent to appeal a land use decision shall be filed not later than 21 days after the date the decision sought to be reviewed becomes final. * * *"

*Agency Rule:* LUBA has provided in OAR 661-10-010(3) as follows:

> " 'Final decision or determination' means a decision or determination which has been reduced to writing and which bears the necessary signatures of the governing body."

*County Ordinance:* Multnomah County has provided in MCC 11.15.8280, in relevant part, as follows:

> "* * * * *
>
> "(C) Written findings of fact and conclusions, based upon the record, shall be signed by the Presiding Officer of the Board and filed with the Clerk of the Board with a decision within five business days following announcement of the decision * * *.
>
> "(D) The Board's decision shall be final at the close of business on the tenth day after the decision, findings of fact and conclusions have been filed under subsection (C) above, unless the Board on its own motion grants a rehearing under MCC .8285(A)."

## BACKGROUND

The Multnomah County Planning Commission approved the request of Greater Portland Broadcasting Corporation (respondent) for a "community service" designation for certain real property in order to allow respondent to construct a tower and antenna for a new television station.

The planning commission's approval of this designation was appealed to the Multnomah County Board of Commissioners (the Board)[1] by Columbia River Television (petitioner), a neighboring television station. The Board approved the land use designation at its meeting on February 14, 1984. A document, denominated "Final Order" and signed by the presiding officer of the Board, was delivered to the clerk of the Board and was available for public inspection on the same day.

In preparation for appeal, petitioner's attorney telephoned the clerk of the Board and allegedly was misinformed by the clerk that the decision had been filed on February 17, 1984. On March 9, 1984, petitioner filed with LUBA a notice of intent to appeal the Board's decision. Respondent filed a motion to dismiss, contending that petitioner's notice of intent to appeal to LUBA was not filed within the statutory appeal period of 21 days under ORS 197.830(7), and thus should not be allowed. Respondent calculated the appeal period from the date the decision was reduced to writing and signed by the presiding officer of the Board, relying on OAR 661-10-010(3) for the proposition that the decision became final at that time.

Petitioner countered respondent's motion with two arguments: first, that the clerk's misstatement of fact entitled petitioner to a 21-day notice of appeal period that would begin from the erroneously designated date; second, that Multnomah County Ordinance MCC 11.15.8280, and not OAR 661-10-010(3), determines when the Board's decision is final, thus, in this case, shifting the commencement of the 21-day statutory appeal period from February 14 to February 24.

LUBA rejected both of petitioner's arguments and granted respondent's motion to dismiss. The Court of Appeals affirmed LUBA's decision (*Columbia River Television v. Multnomah Co.,* 70 Or App 448, 689 P2d 1014 (1984)), concluding that to hold otherwise would allow local governments to determine the duration of the appeal period to LUBA on land use matters. The court reasoned that such result would not only be contrary to the 21-day filing period under ORS

---

[1] The Multnomah County Board of Commissioners also is a respondent in this action.

197.830(7), but also would not be in keeping with statewide uniformity in the resolution of land use appeals.

Petitioner now advances its same two arguments to this court. We will review each in turn.

## ANALYSIS

Petitioner first contends that its reliance on the misstatement by the clerk of the Board entitles it to a filing period that begins to run from the misstated date, February 17, 1984, rather than the correct date, three days earlier. This would result in a 21-day appeal period that would extend to March 9, 1984, thus making petitioner's filing timely. LUBA held that the clerk's misrepresentation was not binding upon it and that such circumstance does not alter the 21-day statutory period under ORS 197.830(7). We agree with LUBA on this point.

■ It is apparent from the record that a signed order was available for public inspection on February 14, the day it was filed.[2] A party who has failed to meet a statutory time limit is not excused merely by reason of a clerk's error in responding to a telephone inquiry. See *Far West Landscaping v. Modern Merchandising*, 287 Or 653, 601 P2d 1237 (1979). Therefore, we find petitioner's first argument to be without merit.

Petitioner's second argument is that, in the first instance, it is Multnomah County's Ordinance, MCC 11.15.8280, that determines *when* the county's decision is final. Petitioner contends that ORS 197.830(7) and LUBA's rule merely determine the appeal procedure once the county's decision *is* final. Hence, petitioner claims that because the county ordinance is not in conflict with either ORS 197.830(7) or LUBA's rule, the ordinance controls, and the notice of intent to appeal was timely filed.

Before addressing this issue, we set forth the statutory authority under which local governmental units make and LUBA reviews land use decisions.

Initial land use decision-making authority is granted to the county governing body within whose jurisdiction the

---

[2] LUBA found that a copy of the signed decision was available for public inspection on the afternoon of February 14, 1984.

affected land is found. ORS chapter 215. Counties are directed to adopt comprehensive plans and land use regulations (ORS 215.050), as well as to conduct initial quasi-judicial hearings on individual land use requests. *See* ORS 215.416.

Counties are required to adopt procedures for conducting local land use hearings (ORS 215.412) and may create a local appeal procedure for appeals of decisions of hearings officers or planning commissions. Furthermore, a county may provide that the decision of the hearings officer is the *final determination* of the county. ORS 215.422(1)(b).[3] A county must take final action within 120 days on an application for a permit or zone change (ORS 215.428(1)), and if it fails to act within 120 days, the applicant may compel it to make a determination. ORS 215.428(7).[4]

Once a final determination on a land use matter has been made at the county level, an aggrieved party may then turn to LUBA to have the decision reviewed. ORS 215.422(2).[5]

---

[3] ORS 215.422 provides, in relevant part:

"(1)(a)  A party aggrieved by the action of a hearings officer or other decision making authority may appeal the action to the planning commission or county governing body, or both, however the governing body prescribes. The appellate authority on its own motion may review the action. The procedure and type of hearing for such an appeal or review shall be prescribed by the governing body, but shall not require the notice of appeal to be filed within less than seven days after the date the governing body mails or delivers the decision to the parties.

"(b)  Notwithstanding paragraph (a) of this subsection, the governing body may provide that the decision of a hearings officer is the final determination of the county.

"* * * * *"

[4] ORS 215.428 provides, in relevant part:

"(1)  Except as provided in subsections (3) and (4) of this section, the governing body of a county or its designate shall take final action on an application for a permit or zone change, including resolution of all appeals under ORS 215.422, within 120 days after the application is deemed complete.

"* * * * *

"(7)  If the governing body of the county or its designate does not take final action on an application for a permit or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as defined in ORS 197.015."

[5] ORS 215.422(2) provides:

"A party aggrieved by the final determination may have the determination reviewed in the manner provided in ORS 197.830 to 197.845."

LUBA has

"* * * exclusive jurisdiction to review any *land use decision* of a local government, special district or a state agency in the manner provided in ORS 197.830 to 197.845." ORS 197.825(1). (Emphasis added.)

ORS 197.015 describes the term "land use decision";

"(10)    *'Land use decision':*

"(a)    Includes:

"(A)    A *final decision* or determination made by a *local government* or special district that concerns the adoption, amendment or application of:

"(i)    The goals;

"(ii)    A comprehensive plan provision;

"(iii)    A land use regulation; or

"(iv)    A new land use regulation; * * *." (Emphasis added.)

█    It is evident from the statutory scheme that the legislature intended local governments to have the first opportunity both to hear and to reach a final determination on land use matters within their respective jurisdictions, before those decisions are reviewed by LUBA. With this in mind, we turn to the facts of this case.

Multnomah County enacted an ordinance that provides when a decision of the Multnomah County Board of Commissioners is to be considered final. MCC 11.15.8280(B) provides:

"The Board shall state all decisions upon the close of its hearing or upon continuance of the matter to a time certain."

MCC 11.15.8280(C) provides:

"*Written* findings of fact and conclusions, based upon the record, shall be *signed* by the Presiding Officer of the Board and *filed with the Clerk* of the Board with a decision within *five business days* following announcement of the decision under subsection (B) above." (Emphasis added.)

MCC 11.15.8280(D) provides:

"The *Board's decision* shall be *final* at the close of business on the *tenth day after* the decision, findings of fact and conclusions have *been filed* under subsection (C) above, unless

the Board on its own motion grants a rehearing under MCC .8285(A)." (Emphasis added.)

It is clear that, under the county's ordinance, a decision does not become final until 10 days *after* the Board has reached a decision which (1) has been reduced to writing; (2) includes findings of fact and conclusions; (3) has been signed by the presiding officer of the Board; and (4) has been filed with the clerk of the Board. This intention is further evidenced by the fact that the Board may, at any time during the 10-day period and on its own motion, grant a rehearing. MCC 11.15.8280(D).

Once a local decision is final, ORS 197.830(7) specifies the period for filing appeals to LUBA.

"A notice of intent to appeal a land use decision shall be filed not later than 21 days after the date the decision sought to be reviewed *becomes* final. * * *" ORS 197.830(7). (Emphasis added.)

■ To this point, there is no apparent conflict between the ordinance and the statute. However, ORS 197.820(4) authorizes LUBA to adopt rules regarding the conduct of the proceedings brought before it concerning land use matters.[6] LUBA has adopted OAR 661-10-010(3) pursuant to this authorization.

OAR 661-10-010(3) states:

" 'Final decision or determination' means a decision or determination which has been reduced to writing and which bears the necessary signatures of the governing body."

Both LUBA and the Court of Appeals held that the rule governs *when* the 21-day period commences to run during which a local land use decision can be appealed to LUBA. Under their interpretation, any local decision, preliminary or otherwise, that has been reduced to writing and bears the necessary signatures of the governing body, is deemed to be a final decision for the purposes of initiating an appeal to LUBA, thus triggering the 21-day filing period under ORS 197.830(7). We disagree.

---

[6] ORS 197.820(4) provides:

◦ "The board shall adopt rules governing the conduct of review proceedings brought before it under ORS 197.830 to 197.845."

The rule is an attempt to describe a final decision.[7] It prescribes some minimal, required characteristics that the decision must contain before it will be considered by LUBA to be a final decision for purposes of review. The rule requires that before a decision will be deemed to be final, it must be reduced to writing and contain the requisite signatures of the governing body.[8] What signatures are "necessary" is a determination (apparently) left to the local government. The rule does not address *when* an order of a locality is final. This decision, likewise, is one left to the local government.

We are urged to give deference to LUBA's interpretation of its own rule. In this case, however, we view LUBA's interpretation to relate to an addition to or alternative for the meaning of the word "final" in the statute, ORS 197.803(7). This is not an appropriate case in which to invoke the concept of deference.

Respondent argues that the decision of the Court of Appeals has the virtues of expediency and uniformity, both concepts sought by the legislature. The legislature has spoken to the issue of expediency by requiring the county to take final action on applications for permits or zone changes within 120 days (ORS 215.428(1)), by shortening the time for seeking review to 21 days (ORS 197.830(7)), and by prescribing other time limitations in the land use decisional process. But the legislature has not imposed specific time limits for the various procedural components leading up to the final decision by the county. For example, had Multnomah County's ordinance allowed the 10-day period for reconsideration after reduction to writing but before the presiding officer's signature, the ordinance would comply with the claimed thrust of the rule and, although postponing an appeal until the same time as in this case, could not be said to violate the concept of expediency.

In some respects uniformity would be furthered by

---

[7] OAR 661-10-010 appears in the definitional section of LUBA's rules, a further indication that the rule was intended to speak to the content or minimal characteristics of the document for which review is sought rather than dictating the time at which the statutory time for notice of intent to appeal was to commence.

[8] Because the two minimal characteristics (reduced to writing and containing requisite signatures) required by LUBA's rule are met by Multnomah County's ordinance, we do not address the authority by which and extent to which LUBA may dictate the characteristics of a final decision.

the decision of the Court of Appeals. However, the legislature has seen fit, as discussed above, to give substantial authority to the counties to work out the initial procedures. We chose not to override this delegation of authority under the banner of uniformity. *See Jefferson Landfill Comm. v. Marion Co.,* 297 Or 280, 284-85, 686 P2d 310 (1984); *Benton County v. Friends of Benton County,* 294 Or 79, 89, 653 P2d 1249 (1982).

The Multnomah County ordinance expressly defines the date on which the county's decision becomes final. Because it is not in conflict with either LUBA's rule or statutory authority, it controls in a determination as to when a Multnomah County decision is final.

■       In this light, the procedure is straightforward. The county may determine the status of its local decision. However, once a county's decision has become final under its own rules, the procedure to obtain review by LUBA is governed by ORS 197.830(7).

This result not only satisfies the intent of the legislature under ORS chapters 215 and 197, but also serves the interests of both the county and the state in the harmonious resolution of land use disputes.

Because petitioner filed its notice of intent to appeal within 21 days after the Multnomah County decision became final, the notice was timely filed. We reverse and remand to LUBA for decision on the merits.