Argued and submitted April 26, reversed and remanded for further proceedings November 20, 1985

THOMPSON et al,
*Appellants,*

*v.*

CITY OF ST. HELENS,
*Respondent.*

(30001, 30034; CA A32162)

709 P2d 748

Steven E. Benson, Portland, argued the cause and filed the brief for appellants.

Lawrence S. Shaw, City Attorney, St. Helens, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Buttler, P. J., dissenting.

## WARREN, J.

On May 4, 1983, the city council of St. Helens, acting at an evening meeting, passed an ordinance vacating a street. The ordinance was effective immediately and was "filed for record" in the deed records of Columbia County on May 5, 1983, pursuant to ORS 271.150.[1] Plaintiffs, who had opposed the ordinance, filed a notice of appeal with the circuit court on June 6, 1983. The court dismissed that appeal as not timely filed, and this appeal followed.

Appeals from street vacation ordinances are governed by ORS 271.130(4):

> "Any property owner affected by the order of vacation or the order awarding damages or benefits in such vacation proceedings may appeal to the circuit court of the county where such city is situated in the manner provided by the city charter. If the charter does not provide for such appeal, the appeal shall be taken within the time and in substantially the manner provided for taking an appeal from justice or district court in civil cases."

The city charter does not provide for the manner of taking appeals. Under ORS 271.130(4), if a city charter does not otherwise direct, an appeal from an order vacating a street "shall be taken within the time and in substantially the manner provided for taking an appeal from justice or district court in civil cases." We must first determine how the law requires a party to take an appeal in civil cases in justice and district courts and then analogize those proceedings to the passage of an ordinance to determine how an appeal may be taken in "substantially the [same] manner."

ORS 53.020 and 53.030 govern the manner and time in which a party must appeal from a judgment of a justice court. ORS 53.020 provides, in pertinent part:

> "An appeal is taken to the circuit court of the county wherein the judgment is given, and may be taken in open

---

[1] ORS 271.150 provides:

"A certified copy of the ordinance vacating any street or plat area and any map, plat or other record in regard thereto which may be required or provided for by law, shall be filed for record with the county clerk. The petitioner for such vacation shall bear the recording cost and the cost of preparing and filing the certified copy of the ordinance and map. A certified copy of any such ordinance shall be filed with the county assessor and county surveyor."

court at the time the judgment appealed from is given, or within 30 days from the date of the entry thereof. * * *"

ORS 53.030 provides:

"An appeal is taken by serving, within 30 days after rendition of judgment, a written notice thereof on the adverse party, or his attorney, and filing the original with the proof of service indorsed thereon with the justice, and by giving the undertaking for the costs and disbursements on the appeal, as provided in ORS 53.040. A written acknowledgment of service by the respondent or his attorney, indorsed on the notice of appeal, shall be sufficient proof of service. When the notice of appeal has been served and filed, the appellate court shall have jurisdiction of the cause."

ORS 53.020 and 53.030 appear to be inconsistent, because ORS 53.020 provides that an appeal may be taken "within 30 days from the date of the *entry*" of the judgment, whereas ORS 53.030 provides that an appeal be taken "within 30 days after *rendition* of judgment." (Emphasis supplied.) In *Furlong v. Tish,* 189 Or 86, 92, 218 P2d 476 (1950), the court construed, and harmonized, statutory language substantially similar to ORS 53.020 and 53.030 to provide that written notice of appeal to the circuit court may be given within 30 days of the *entry* of judgment, and not 30 days from the *rendition* of judgment in open court, and gave no effect to the term "rendition." In effect, the court said that "rendition" means "entry."

■ ORS 271.130(4) also refers to the taking of an appeal from district court cases. ORS 46.250(3) provides that an appeal from a civil case in district court shall be taken "within 30 days after the *entry* of the judgment or decree." (Emphasis supplied.) Thus, the law provides that appeals from both justice and district courts be taken within 30 days after the *entry* of judgment and not 30 days after its *rendition.*

The issue in this case is whether the 30-day period within which to take an appeal from a street vacation ordinance commences at the time the ordinance is passed and becomes final or, as plaintiffs contend, at the time it is "filed for record" pursuant to ORS 271.150. If the period began on May 4, 1983, when the ordinance became final, the appeal was not timely; if it began on May 5, 1983, when the ordinance was filed with the county clerk, the appeal was timely. The

question is what stage in the enactment of a street vacation ordinance is most analogous to the entry of judgment in a civil case.

■    We conclude that filing for record is most analogous to entry and that time to appeal from a vacation order does not begin to run until that order is "filed for record" with the county clerk, as required by ORS 271.150. As the dissent notes, the ordinance is not readily available to the public and to affected persons until that filing occurs. ORS 271.150 is designed to give notice to persons interested in the property affected by the street vacation and the appeal period should not begin to run until the ordinance is filed for record so that affected persons may learn about it. Were this not the rule, a city council could adopt an ordinance and delay filing it for 30 days; in that case, the ordinance would not be readily available to the public until the appeal period had expired. *See Blackledge v. Harrington,* 289 Or 139, 611 P2d 292 (1980).

■    Although ORS 271.150 does. not specify the time within which the filings must be made, that does not affect the decision to measure the appeal time from this filing, as the dissent argues. Judges may also postpone indefinitely the commencement of an appeal period by delaying the signing of the final order and, thus, its availability for entry. Moreover, ORS 271.150 requires that the petitioner for the vacation bear the cost of filing and recording the ordinance. It would be in the petitioner's interest to record the ordinance as quickly as possible, as occurred in this case, to avoid delaying the commencement of the appeal period. Finally, although ORS 271.150 requires three filings, we interpret the statute to require the petitioner to bear the cost of only the filing with the county clerk and hold that that filing commences the appeal period.

Neither *Duddles v. City Council of West Linn,* 21 Or App 310, 535 P2d 583, *rev den* (1975), nor *Bitte v. City of St. Helens,* 251 Or 548, 446 P2d 978 (1968), cited by the dissent, provides guidance in this case. In *Duddles,* we held that the 60-day period for filing a writ of review, ORS 34.030, commenced when the city council formally adopted an ordinance effectuating a zone change and not when the council orally announced its decision. That case did not consider what stage in the process of adopting an ordinance commenced either the

60-day period of ORS 34.030 or the 30-day period to appeal under ORS 271.130(4) and 53.020. Similarly, *Bitte* holds that an appeal lies only from the enactment of an ordinance vacating a street and not from the date of the council's vote to overrule a remonstrance objecting to the vacation; that case did not consider at what stage in the adoption of the ordinance the appeal period began to run. In addition, *Columbia River Television v. Multnomah Co.,* 299 Or 325, 702 P2d 1065 (1985), is of no guidance, because this case involves neither a statute which measures the period of appeal from the date when a decision becomes "final" nor a local rule which bears on appealability. In fact, if there were a local rule imposing requirements for an appeal, both ORS 271.130(4) and *Columbia River Television* would require that we apply it. The dissent's discussion of the finality of the ordinance misses the point that, contrary to the situation in *Columbia River Television,* finality is not made an issue by any of the statutes involved in this case.

We hold that the time to appeal a street vacation ordinance begins to run when the ordinance is filed for record with the county clerk. Plaintiff's appeal was timely filed within 30 days after the filing of the ordinance with the county clerk.

Reversed and remanded for further proceedings.

**BUTTLER, P. J.,** dissenting.

Because the ordinance became final when it was formally adopted, the appeal period started to run on May 4, 1983, and had expired before the notice of appeal was filed. Accordingly, I would affirm the trial court and therefore dissent.

Concededly, the statutes are confusing, because they deal with appeals of decisions of the justice courts. However, ORS 53.030, 76 Or App at 443, specifies the manner of taking an appeal and requires that a notice of appeal be served within 30 days "after *rendition* of judgment." (Emphasis supplied.) Although that language does not appear to be consistent with ORS 53.020, 76 Or App at 442, permitting an appeal to be taken either in open court at the time the judgment appealed from is given, or within 30 days from the date of the entry thereof, there is no statutory provision for the "entry" of an

ordinance vacating a street. It seems clear, however, that the formal adoption of the ordinance is the functional equivalent of the "rendition of judgment" under ORS 53.030.

The majority relies on *Furlong v. Tish,* 189 Or 86, 218 P2d 476 (1950), for the proposition that the critical date is the *entry* of the judgment, not the date when the judgment was rendered. That is true in appeals from judgments of justice courts; however, there is no provision for the "entry" of ordinances. The sense of *Duddles v. City Council of West Linn,* 21 Or App 310, 535 P2d 583, *rev den* (1975), and *Bitte v. City of St. Helens,* 251 Or 548, 446 P2d 978 (1968), is that an ordinance becomes reviewable after it has been formally adopted. Local rules, however, may determine when the adoption of an ordinance becomes final and, therefore, appealable. *Columbia River Television v. Multnomah Co.,* 299 Or 325, 702 P2d 1065 (1985). No such local rule is involved here.

The majority attempts to analogize the requirement for the entry of a judgment with the filing requirements of ORS 271.150, which provides:

> "A certified copy of the ordinance vacating any street or plat area and any map, plat or other record in regard thereto which may be required or provided for by law, shall be filed for record with the county clerk. The petitioner for such vacation shall bear the recording cost and the cost of preparing and filing the certified copy of the ordinance and map. A certified copy of any such ordinance shall be filed with the county assessor and county surveyor."

The analogy is flawed for several reasons: (1) the statute does not say that the ordinance is not final until it is filed with the county clerk, county assessor and county surveyor, or any one of them; to the contrary, it contemplates that the filing will not take place until the ordinance *is* final, after which a certified copy of the final ordinance must be filed; (2) the apparent purpose of that statute is to give notice to anyone interested in the property affected by the street vacation, similar to the recording of a deed or a lien; for that reason, the person who obtained the vacation must bear the cost of recording and filing; (3) there is no time specified within which the three filings must be accomplished, as a result of which the appeal period could be extended indefinitely, and (4) the three filings may occur on different dates and, if that

occurs, the statute does not say which filing date is controlling and which record must one check.

Although the majority's effort to keep the appellant in court is commendable, the problem is for the legislature or for local rules. I agree that courts should make every effort to harmonize statutes; however, they may not rewrite them to serve a purpose for which they were not intended. The majority's attempted analogy here involves the placing of a square peg in a round hole; it does not fit.

Accordingly, I respectfully dissent.