# IN THE TAX COURT OF THE
# STATE OF OREGON

Theodore A. TOSTERUD

*v.*

Robert L. ELLIS,
Multnomah County Assessor, or his successor in office

*and*

PORTLAND PROVIDENCE MEDICAL CENTER
and Department of Revenue,
*Defendants-Intervenors*

(TC 4295)

Theodore A. TOSTERUD

*v.*

Robert L. ELLIS,
Multnomah County Assessor, or his successor in office

*and*

LEGACY GOOD SAMARITAN HOSPITAL
and Legacy Emanuel Hospital & Medical Center
and Department of Revenue,
*Defendants-Intervenors*

(TC 4296)

Theodore A. TOSTERUD

*v.*

Robert L. ELLIS,
Multnomah County Assessor, or his successor in office

*and*

PORTLAND ADVENTIST MEDICAL CENTER
and Department of Revenue,
*Defendants-Intervenors*

(TC 4297)

Michael J. Morris, Bennett, Hartman, Reynolds & Wiser, Portland, represented Plaintiff (taxpayer).

John S. Thomas, Assistant County Counsel, Multnomah County Assessor, represented Defendant (county).

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented Defendant-Intervenor (department).

Joyce M. Bernheim, Miller, Nash, Wiener, Hager & Carlsen, LLP, Portland, represented Defendant-Intervenor Providence Portland Medical Center (hospital).

James M. Finn, Schwabe, Williamson & Wyatt, P.C., Portland, represented Defendant-Intervenor Legacy Good Samaritan Hospital and Medical Center (hospital).

William Dickas, Kell, Alterman & Runstein, LLP, Portland, represented Defendant-Intervenor Portland Adventist Medical Center (hospital).

Decision for Defendants-Intervenors rendered September 25, 1998.

## CARL N. BYERS, Judge.

These matters, which have been consolidated on the court's own motion, are before the court on Defendants-Intervenors' Motions to Dismiss for failure to serve them as required by ORS 305.560(3). Due to the number of parties and the procedural background, it is necessary to set forth in some detail how this matter came before the court.

Theodore A. Tosterud (Tosterud) is a Multnomah County taxpayer who believes that certain property of Legacy Good Samaritan Hospital and Medical Center and Legacy Emanuel Hospital and Medical Center, Portland Adventist Medical Center, Sisters of Providence in Oregon (Providence Portland Medical Center), and the Portland Adventist Medical Center (collectively referred to herein as the hospitals) does not qualify for property tax exemption and should therefore be taxed. In 1996, Tosterud filed a Petition for Writ of Mandamus under ORS 311.215[1] to compel the Multnomah County Department of Assessment and Taxation (assessor) to add the hospital properties to the tax rolls as omitted property.

After a hearing, on February 6, 1996, this court issued its Peremptory Writ directing the assessor to issue the notices prescribed by ORS 311.209 and to conduct a show cause hearing as required by ORS 311.211. The assessor subsequently complied. However, after considering the information submitted by the hospitals at the show cause hearing, on June 6, 1997, the assessor determined that the hospital properties did qualify for exemption from taxation.

On September 2, 1997, Tosterud appealed from that determination to the Magistrate Division of this court. The hospitals subsequently filed Motions to Dismiss on the grounds that Tosterud had failed to serve them with a copy of

---

[1] All references to ORS 311.209 through ORS 311.215 are to 1995. Those sections were recodified in the 1997 Replacement Part as ORS 311.216 through ORS 311.232.

the Complaint as required by ORS 305.560(3). Tosterud does not dispute that he failed to serve the Complaint within the appeal period. On February 2, 1998, the Magistrate Division issued an order denying the county's Motion to Dismiss. The hospitals and the assessor appealed that order to the Regular Division. However, those appeals were premature, as they pertained only to a nondispositive order.[2] After a telephone conference with the parties, the court simultaneously dismissed those appeals as moot and specially designated the Magistrate Division cases for hearing in the Regular Division pursuant to ORS 305.501(1).

## ISSUE

Was Tosterud required to comply with ORS 305.560(3) and serve the hospitals with a copy of the Complaint within the appeal period?

## ANALYSIS

■ ORS 305.560 sets forth the procedures by which appeals are made to this court. It specifies where the complaint will be filed, how service is to be accomplished, who the parties are, and what shall be contained in the complaint. The subsection in question, ORS 305.560(3), states as follows:

> "In any case in which the taxpayer is not the appealing party, a copy of the complaint shall be served upon the taxpayer by the appealing party by certified mail within the period for filing an appeal, and an affidavit showing such service shall be filed with the clerk of the tax court. A copy of the order of the department, if any, shall be attached to the complaint. The taxpayer shall have the right to appear and be heard."

Tosterud contends that he is both the taxpayer and the appealing party and therefore did not have to serve the hospitals with a copy of the complaint. Conversely, the hospitals assert that they are the taxpayers within the meaning of the statute and must be served as provided.

---

[2] Although not expressly provided by statute, the court follows the general principle that decisions need to be final or on the merits to be appealable. ORS 19.205; *Bitte v. City of St. Helens*, 251 Or 548, 446 P2d 978 (1968).

■■ As always, when determining the meaning of a statute, the court must first consider the text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). At the outset, the court notes that ORS 305.560 sets out the procedure for appeals to the court without regard to the type of tax being appealed. Therefore, the term "the taxpayer" must refer to the person who pays the taxes which are the subject of the case. In *Multnomah County v. Dept. of Rev.*, 325 Or 230, 236, 935 P2d 426 (1997), the Oregon Supreme Court so held:

> "[I]n cases in which the appealing party is someone other than the taxpayer, an appeal perfected solely in subsection (1) terms would be inadequate to meet the requirements of due process of law. That subsection makes no provision for notice to *the taxpayer — the one who, in the end, will have to pay the tax that is the subject of the case*." (Emphasis added.)

■■ If allowed, then Tosterud's claim in this court would result in a final judgment. Tosterud claims that the assessor erred in not placing the hospitals' properties on the tax roll. Therefore the issue before this court would be whether that property qualifies as exempt. If the court found that it was not exempt, then the judgment would order the property placed on the roll. Both ORS 305.560(3) and due process demand that the owner of the property be given an opportunity to participate in litigation determining its tax status.[3] Tosterud is not the one who will have to pay the tax if the hospitals' properties are placed on the roll, therefore he is not "the taxpayer."

■ Tosterud contends that it is not necessary to serve the hospitals because if the court finds that the property is taxable, then the hospitals can appeal under ORS 311.211(4).[4] ORS 311.211(4) gives the taxpayer the right to appeal only when the assessment "is made under ORS 311.207 to ORS 311.215." If the court determines that property is taxable and orders it placed on the roll, then the

---

[3] The court notes that due process is only a limitation on state action. However, when private parties make use of state procedures with the assistance of state officials, state action can be found. *Tulsa Professional Collection Services, Inc. v. Pope*, 485 US 478, 108 S Ct 1340, 99 L Ed 2d 565 (1988).

[4] That section was recodified as ORS 311.223 in 1997.

assessment will not be made under those provisions. Therefore, unless the taxpayer is a party to the motion, the taxpayer will not have the right to appeal. Now, therefore,

IT IS ORDERED that the Defendants-Intervenors' Motions to Dismiss are granted.