Submitted on record and briefs March 31, reversed and remanded May 14, reconsideration denied August 15, petition for review denied October 7, 1986
(302 Or 86)

WAGNER,
*Petitioner,*

*and*

HICKS,
*Petitioner below,*

*v.*

MARION COUNTY et al,
*Respondents.*

(LUBA 85-067; CA A38811)

719 P2d 31

Roger C. Wagner, Jefferson, filed the brief *pro se* for petitioner.

Robert C. Cannon, Marion County Legal Counsel, and J. Haggerty-Foster, Assistant Legal Counsel, Salem, filed the brief for respondent Marion County.

Ronald Townsend, Don McCall and Edward Forbes, waived appearance.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The issue in this case is whether the action of Marion County which petitioner appealed to LUBA was a "land use decision." LUBA held that it was not and dismissed the appeal for lack of jurisdiction. ORS 197.825. We reverse and remand for reconsideration.

In 1976, the county approved two partitioning requests by A. L. Gregory. As part of the resolutions approving the partitions, the county restricted access to a public road, Emerald Green Lane, from the divided parcels. In 1984, petitioner Wagner conveyed to Hicks five acres of land within the area subject to the access restriction.[1] Petitioner and Hicks requested a "lot line adjustment" from the county and, as part of the request, they sought permission for Hicks to use Emerald Green Lane. The county granted the lot line adjustment but denied Hicks access to the road. Petitioner appealed that denial to LUBA. LUBA concluded that the county's action did not have a "significant impact on present or future land uses" in the area and that it therefore did not qualify as a "land use decision" under *Billington v. Polk County,* 299 Or 471, 703 P2d 232 (1985), and *City of Pendleton v. Kerns,* 294 Or 126, 653 P2d 992 (1982). LUBA explained:

"* * * In this appeal, we have considerable difficulty applying the significant impact test. As we construe the decision, the county refused to waive or rescind previously adopted orders. This has the effect of maintaining the *status quo.* The significant impact test does not appear to contemplate a situation in which the *status quo* is maintained by rejection of a proposal to waive or rescind a prior order.

"Even if the significant impact test could be applied to the circumstances here, we believe petitioners have not demonstrated that the test is met. As noted, the decision maintains, rather than alters the *status quo* in this area. The petition does not demonstrate why the county's refusal to allow requested access will have a significant impact on present or future land use in the area."

Although we share LUBA's view that the "significant impact test" is difficult to apply here, we do not agree that the perpetuation of the restriction *necessarily* perpetuates the

---

[1] Hicks joined in Wagner's appeal to LUBA, but did not join in the petition to this court. The term "petitioner" in this opinion refers to Wagner.

*status quo;* at least one other factor has changed since the access restriction was established in 1976. After the county imposed the restriction, it rezoned the area from low density residential to an exclusive farm use designation.

Petitioner argues that the access restriction as applied to Hicks' property violates certain provisions of ORS chapter 215 pertaining to EFU zones. The county argues that the restriction does not violate the statutes. However, the immediate issue is not whether the application of the restriction in the EFU zone does or does not violate the statutes; the question is whether LUBA has jurisdiction to review the county's continuation of the restriction to ascertain whether it violates the statutes or any other applicable land use standards. The significant impact test is a determinant of jurisdiction, not of the merits of a review.[2]

We imply no answer to the jurisdictional question at this time. We hold only that LUBA's decisional premise, that a decision *not* to change an existing situation cannot have a significant impact, no matter what related changes have occurred since the situation came into being, is not a satisfactory basis for answering the question.

The significant impact test articulated in *Kerns* and *Billington* is one of two alternative ways by which a local decision can come within LUBA's jurisdiction. The other is for the action to be a "land use decision" as defined in ORS 197.015(10), *inter alia,* because it involves the application of the goals, a comprehensive plan provision or a land use regulation. The county hearings officer's order, which the governing body affirmed, states that "[t]he standards and criteria relevant to this application are found in the statewide goals and guidelines, Marion County Zoning Ordinance, and the Marion County Comprehensive Plan." The order does not come down to particulars, nor does it specify whether the standards and criteria governing the lot line adjustment and

---

[2] However, the court aptly—if in an understated way—observed in *Billington v. Polk County, supra:*

"* * * Once the petitioner and the local government have submitted the required materials to LUBA, LUBA must evaluate the record to determine as a threshold issue whether the decision sufficiently hinges on application of land use norms to give LUBA jurisdiction. The evaluation of the threshold element needed for jurisdiction may overlap petitioner's claim on the merits * * *." 299 Or at 479.

the access denial have the same sources. On remand, LUBA should reconsider whether the county's action comes within the statutory definition of a "land use decision," as well as reconsider the significant impact issue.

Reversed and remanded for reconsideration.[3]

---

[3] In 1979, before the area was rezoned, the county sought and obtained injunctive relief against petitioner, Hicks and others to enforce the 1976 restriction on access to Emerald Green Lane. We do not share the county's view—or LUBA's, if such it be—that the injunction has any bearing on whether LUBA has jurisdiction over the present appeal.