Argued and submitted June 13, affirmed August 8, 1990

## OREGONIANS IN ACTION,
*Petitioner,*

*v.*

## LAND CONSERVATION AND
## DEVELOPMENT COMMISSION,
*Respondent.*

(90-028; CA A64796)

795 P2d 1098

David B. Smith, Tigard, argued the cause and filed the brief for petitioner.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Petitioner seeks review of LUBA's dismissal, for lack of jurisdiction, of their appeal from LCDC's adoption of amendments to Goal 4 and related administrative rules. The amendments were adopted pursuant to ORS 197.245:

> "The commission may periodically amend the initial goals and guidelines adopted under ORS 197.240 and adopt new goals and guidelines. The adoption of amendments to or of new goals shall be done in the manner provided in ORS 197.235 and [ORS] 197.240 and shall specify with particularity those goal provisions that are applicable to land use decisions before plan revision. Absent a compelling reason, the commission shall not require a comprehensive plan, new or amended land use regulation or land use decision to be consistent with a new or amended goal until the time of the periodic review required under ORS 197.640 or one year after the date of adoption, whichever is later."

LCDC made a finding of compelling reasons, as the statute requires, for early application of the amendments.

LUBA held that it lacked jurisdiction, because ORS 197.015(10)(a)(B)[1] expressly excludes LCDC decisions and determinations involving application of the goals from the definition of the "land use decisions" that are reviewable by LUBA and because ORS 197.825(2)(d)[2] excludes from LUBA's jurisdiction rule challenges that may be made in the Court of Appeals under ORS 183.400. Petitioner seems to agree that the goal and rule amendments themselves are rules and are beyond LUBA's jurisdiction under the cited statutes.

■     Petitioner contends, however, that LCDC's finding of compelling reasons is separate from the amendments, is not a rule and is subject to LUBA's review as a "land use decision." LUBA disagreed. It explained that the finding "is necessarily

---

[1] ORS 197.015(10)(a)(B) defines "land use decision" to include:

"A final decision or determination of a state agency *other than the commission* with respect to which the agency is required to apply the goals[.]" (Emphasis supplied.)

[2] ORS 197.825(2)(d) provides that LUBA's jurisdiction

"[d]oes not include those land use decisions of a state agency over which the Court of Appeals has jurisdiction for initial judicial review under *ORS 183.400,* 183.482 or other statutory provisions[.]" (Emphasis supplied.)

a part of [LCDC's] adopted goal amendment." LUBA is correct. ORS 197.245 requires LCDC, as part of the amendment process, to "specify with particularity those goal provisions that are applicable to land use decisions before plan revision." The finding of compelling reasons is integral to that specification and is part and parcel of the rule adoption. Accordingly, there is no merit to petitioner's efforts to analogize the "compelling reason" finding, standing alone, to agency actions that the Supreme Court or we have held to be something other than rulemaking. The finding does not stand alone, but is part of the rulemaking substance and procedure delineated in ORS 197.245.

■    Petitioner also contends that, even if the amendments are not reviewable as a "land use decision" under the statutes, they have a "significant impact on present or future land uses" and therefore come within LUBA's jurisdiction under *City of Pendleton v. Kerns,* 294 Or 126, 653 P2d 992 (1982), and related cases. LUBA disagreed, stating:

> "The legislature has made it clear, in the above referenced statutes, that LUBA has no authority to review respondent's adoption of goal or rule amendments. While we agree with petitioner that the amendments will likely have significant impacts on present or future land uses, we do not understand the significant impacts test to give LUBA review authority where review authority is, by statute, both explicitly provided to a different review tribunal, and explicitly removed from LUBA."

We again agree with LUBA. The "significant impact test" was devised to supplement the legislative *grant* of jurisdiction to LUBA, by making some land use actions reviewable that do not meet the statutory definition of a "land use decision." *See Wagner v. Marion County,* 79 Or App 233, 719 P2d 31, *rev den* 302 Or 86 (1987). However, the judicial test does not supersede the express legislative *exclusion* of jurisdiction over decisions of the kind that petitioner seeks to challenge here.

Affirmed.