Argued and submitted April 25, affirmed on petition and on cross-petition
June 6, 1990

## 1000 FRIENDS OF OREGON,
*Respondent - Cross-Petitioner,*

*v.*

## LANE COUNTY,
*Petitioner - Cross-Respondent.*

(LUBA 89-132; CA A64166)

793 P2d 885

Stephen L. Vorhes, Assistant County Counsel, Eugene, argued the cause for petitioner - cross-respondent. With him on the briefs was Lane County Office of Legal Counsel, Eugene.

Neil S. Kagan, Portland, argued the cause and filed the brief for respondent - cross-petitioner.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

ORS 197.763 establishes a general requirement that a party must raise issues before the local decision-making body in order to raise them in appeals to LUBA.[1] The statute also creates notice and procedural requirements to facilitate the presentation and preservation of issues at the local level. Through amendments to section 14.300(5) of its code, Lane County adopted procedures aimed at implementing ORS 197.763. 1000 Friends of Oregon (petitioner) appealed those amendments to LUBA, contending that the county provisions violate the statute in two respects. LUBA concluded that the ordinance is inconsistent with the statute in one of those ways, but not the other. The county seeks review of and petitioner cross-petitions from the respective conclusions. We affirm.

ORS 197.763 provides, as material:

"The following procedures shall govern the conduct of quasi-judicial land use hearings conducted before a local governing body, planning commission, hearings body or hearings officer on application for a land use decision and shall be incorporated into the comprehensive plan and land use regulations:

"(1) An issue which may be the basis for an appeal to the board shall be raised not later than the close of the record at or following the final evidentiary hearing on the proposal before the local government. Such issues shall be raised with sufficient specificity so as to afford the governing body, planning commission, hearings body or hearings officer, and the parties an adequate opportunity to respond to each issue.

"* * * * *

"(3) The notice provided by the jurisdiction shall:

"* * * * *

"(f) Be mailed at least:

"(A) Twenty days before the evidentiary hearing; * * *

"* * * * *

"(4)(a) All documents or evidence relied upon by the

---

[1] The statute thereby overrules *Lane County v. City of Eugene,* 54 Or App 26, 633 P2d 1306 (1981), and *Apalategui v. Washington Co.,* 80 Or App 508, 723 P2d 1021 (1986), to the extent that they are inconsistent. *See also Newcomer v. Clackamas County,* 92 Or App 174, 758 P2d 369, *modified* 94 Or App 33, 764 P2d 927 (1988).

applicant shall be submitted to the local government and be made available to the public at the time notice provided in subsection (3) of this section is provided.

"(b)   Any staff report used at the hearing shall be available at least seven days prior to the hearing. If additional documents or evidence is provided in support of the application, any party shall be entitled to a continuance of the hearing. Such a continuance shall not be subject to the limitations of ORS 215.428 or 227.178.

"* * * * *

"(6)   Unless there is a continuance, if a participant so requests before the conclusion of the initial evidentiary hearing, the record shall remain open for at least seven days after the hearing. Such an extension shall not be subject to the limitations of ORS 215.428 or 227.178."

The Lane County provision at issue, section 14.300(5), provides:

"*Written Materials.* All documents or evidence relied upon by the applicant shall be submitted to the [Planning] Department and made available to the public at least 20 days prior to the first evidentiary hearing. *Unless otherwise specified by the Approval Authority, all other written materials, documents or evidence, exceeding two pages in length must be submitted to and received by the Department at least 10 days in advance of the hearing.* The Approval Authority may allow written materials to be submitted and received after this 10-day deadline if:

"(a)   The written materials are solely responsive to written materials submitted at least 10 days in advance of the hearing, and

"(b)   The responsive, written materials could not have been reasonably prepared and submitted at least 10 days in advance of the hearing.

"*If additional documents, evidence or written materials are provided contrary to the above deadlines, any party shall be entitled to a continuance of the hearing.* Upon request, the application file containing these materials shall be made available to the public by the Department for inspection at no cost and copies will be provided at reasonable cost." (Emphasis supplied.)

Petitioner argues that the first emphasized provision is contrary to ORS 197.763, because it requires opponents of an

application to present certain kinds of evidence before the hearing and the close of the record, and less than 20 days after notice and before the hearing date. Petitioner contends that the second of the emphasized portions of the ordinance violates ORS 197.763(4) by allowing an applicant to add to its initial evidentiary showing after notice is given.

■ LUBA agreed generally with petitioner's first argument, and explained:

"[Section 14.300(5)] *prohibits* the submittal, after the ten day deadline, of any written material greater than two pages in length which is not responsive to written materials submitted at least ten days prior to the hearing. It also restricts the ability of participants to submit responsive written materials after the ten day deadline, unless the decision maker determines that the materials 'could not have been reasonably prepared and submitted at least 10 days in advance of the hearing.' LC 14.300(5)(b).

"However, we agree with the county that ORS 197.763 does *not* prohibit the imposition of any requirement that certain types of evidence be submitted to a local government prior to a quasi-judicial land use hearing or in a particular form. We also agree with the county that ORS 197.763 does *not* guarantee participants in such hearings that they will always have at least 20 days between when notice of the hearing is mailed and when evidence is required to be submitted to the local government.

"On the other hand, it is clear from the language of ORS 197.763(1) that new issues may be raised by participants up to the time the record is closed at or following the evidentiary hearing. It is also clear from ORS 197.763(5)(b) that participants are entitled to address all applicable criteria *at* the evidentiary hearing. Furthermore, interpreting ORS 197.763 as a whole, and considering its legislative history, we find that the statute expresses an intent to provide participants in quasi-judicial land use hearings with an adequate opportunity to prepare and submit evidence and testimony for such hearings, an opportunity greater than that to which they were entitled prior to enactment of ORS 197.763.

"The legislature indicated that ten days between the mailing of hearing notice and the required submittal of evidence is not adequate when it changed the ten day notice requirement in the original HB 2288 to the 20 day requirement enacted in ORS 197.763. We conclude the limitation on the submittal of written evidence by participants in quasi-judicial land use

hearings imposed by LC 14.300(5) is not consistent with ORS 197.763." (Emphasis LUBA's; footnotes omitted.)

We agree with and adopt that reasoning.[2]

■　　　LUBA rejected petitioner's second challenge to the ordinance. It explained that, although ORS 197.763(4)(a) purports to require the applicant to submit its documents and evidence before the 20-day notice is given, ORS 197.763(4)(b) expressly contemplates and provides for the contingency of "additional documents or evidence [being] provided in support of the application." LUBA further reasoned that the continuance required by subsection (4)(b) "would serve the statutory purpose of providing participants with sufficient time and resources to prepare for the evidentiary hearing."

Petitioner argues that LUBA's reading of subsection (4)(b) makes subsection (4)(a) a nullity. The statute should not be construed, according to petitioner, to make optional in one subsection what the preceding subsection flatly requires. Petitioner points out that subsection (4)(a) applies to evidence relied upon *by the applicant,* while subsection (4)(b) relates to additional evidence *in support of the application.* Hence, subsection (4)(b) should not be interpreted to allow the applicant itself, as opposed to the county staff or third parties, to submit additional documents or evidence after the county's notice. Petitioner notes that, under its reading of the statute, the applicant could submit evidence in rebuttal or in response to the presentations that other parties make at the hearing but that all of the applicant's *prima facie* evidence must be submitted and available by the time that the notice must be given. Furthermore, petitioner maintains, the intent of the statute, to give parties the fullest opportunity to prepare and participate effectively, compels the conclusion that the applicant's evidence must be available for the full period between the notice and the hearing.

It is difficult to read both ORS 197.763(4)(a) and (b)

---

[2] The county argues, *inter alia,* that LUBA's decision was premature and that the exceptions in section 14.300(5) and the discretion that it gives the "approval authority" over the admission of evidence make it unlikely or impossible that the ordinance will violate the statute as applied. We conclude, as did LUBA, that the local provision is facially contrary to ORS 197.763.

literally and consistently. In our view, however, LUBA's reading of the subsections is truer to their language than petitioner's and is no less compatible with the statutory purpose. It is clear that the *additional* evidence contemplated by subsection (4)(b) means evidence that is submitted after the time of notice and after the evidence described in subsection (4)(a). We do not agree with petitioner that that additional evidence is limited to evidence from sources other than the applicant. The more logical reading of the two subsections is that they set forth procedural alternatives: if the applicant submits all of its evidence in accordance with subsection (4)(a), the hearing may occur 20 days after the notice; if the applicant or anyone else submits additional favorable evidence, the hearing must be delayed at the instance of any party. We agree with LUBA that a continuance under subsection (4)(b) serves the same purpose as the 20-day notice period under subsection (4)(a): it allows adequate time for preparation and participation. Moreover, LUBA's and our reading of the statute is also more consistent with the objective of enabling the applicant, as well as the other parties, to participate in the process fully and effectively. Section 14.300(5) does not violate ORS 197.763(4).

Affirmed on petition and on cross-petition.