Argued and submitted September 24, reversed and remanded December 24, 2001

Neal HAUSAM,
*Petitioner,*

*v.*

CITY OF SALEM,
an Oregon municipal corporation;
and Timothy Temple,
*Respondents.*

2001-061; A115226

37 P3d 1039

Paul R.J. Connolly argued the cause for petitioner. With him on the brief was Connolly & Doyle, LLP.

Paul A. Lee, Assistant City Attorney, argued the cause and filed the brief for respondent City of Salem, and Gordon R. Hanna argued the cause and filed the brief for respondent Timothy Temple.

Before Wollheim, Presiding Judge, and Deits, Chief Judge, and Schuman, Judge.

DEITS, C. J.

**DEITS, C. J.**

Petitioner, Neal Hausam, seeks review of a Land Use Board of Appeals (LUBA) order affirming a City of Salem decision denying his request for reconsideration of a subdivision plat approval.[1] Petitioner asserts that the city failed to provide timely notice of a hearing on the matter and that this failure prejudiced his ability to address the pending approval. Petitioner asks that we reverse LUBA's decision with instructions that LUBA remand the case to the city for it to reopen the hearing for consideration of his testimony regarding the approval. We reverse and remand.

We take the facts from LUBA's opinion. *Hausam v. City of Salem*, 40 Or LUBA 234 (2001). In an earlier decision regarding the same subdivision plat approval, *Hausam v. City of Salem*, 39 Or LUBA 51 (2000), LUBA remanded the case to the city because it concluded that the city's decision was not supported by substantial evidence.[2] After the remand, the applicants amended their subdivision plat to respond to the deficiencies identified by LUBA. A hearing before the planning commission to consider the amended plat was scheduled for February 6, 2001. The planning commission held the hearing on that date and approved the amended plat request. It mailed notice of that decision on February 8.

On February 20, petitioner responded to the notice of the decision by asking the planning commission to vacate its decision and reopen the hearing so that he might provide testimony in opposition to the revised plat. The planning commission was advised by legal counsel that the 20-day notice requirement in ORS 197.763(3), which petitioner asserted applied to the hearing, did not apply to hearings in response to a remand from LUBA and that, in any event, petitioner had not shown that he was prejudiced by the lack

---

[1] On review, respondents are the City of Salem and Timothy Temple. The city was the respondent before LUBA. Temple was one of the applicants before the city and was the intervenor before LUBA.

[2] LUBA found that the application did not include information necessary to demonstrate compliance with applicable approval criteria. Specifically, the information concerned existing and proposed streets and access ways abutting the proposed subdivision, utilities, facilities, easements, and street profiles. *Hausam*, 39 Or LUBA at 56-61.

of notice. On March 6, the planning commission denied petitioner's request for reconsideration, and petitioner filed an appeal with LUBA.

Before LUBA, petitioner argued that the notice of hearing was untimely because it was mailed on January 31. LUBA rejected petitioner's factual assertion, explaining that it was likely that the January 31 mailing contained a copy of the city's staff report. LUBA found that the city sent notice of the hearing to petitioner and to petitioner's attorney.[3] LUBA also found that the notice was mailed on January 25. LUBA then determined that petitioner would have received notice on January 27, 10 days before the hearing date. Finally, LUBA found that "[p]etitioner was out of town during the week of February 6, 2001." *Hausam*, 40 Or LUBA at 235.

Under ORS 197.835(9)(a)(B), LUBA shall reverse or remand a land use decision if the local government "[f]ailed to follow the procedures applicable to the matter before it in a manner that prejudiced the substantial rights of the petitioner[.]" On appeal, LUBA held that it was unnecessary to address whether the 20-day notice requirement applies under these circumstances because, in any event, petitioner failed to demonstrate that the notice that the city provided of its February 6 hearing prejudiced his substantial rights. LUBA explained:

> "We have held that where a local government fails to provide *any* notice of proceedings on remand, a petitioner's substantial rights are prejudiced. *DLCD v. Crook County*, 37 Or LUBA 39, 43 (1999). Here, petitioner received 10 days' notice, which is adequate time to make arrangements to appear in person, in writing or through a representative. The fact that petitioner was out of town part or all of that time does not justify a different result." *Hausam*, 40 Or LUBA at 240-41 (emphasis in original).

---

[3] LUBA noted the fact that the city provided petitioner's attorney with a copy of the notice of the February 6, 2001, hearing, but its analysis attached no significance to that fact. Before LUBA, the city and Temple mentioned that Temple's attorney provided petitioner's attorney with a copy of the proposed hearing submittal but did not treat the transmittal as critical to the issue before LUBA. Because LUBA and the parties apparently attached little legal significance to the notice given to petitioner's attorney, we do not consider its significance, if any, to the issues presented in this case.

In a footnote, LUBA said that it might have reached a different conclusion "if petitioner had advised the city of his planned absence and requested that [the] proceedings on remand be delayed until he returned." *Id.* Petitioner did not claim before LUBA, nor does he claim here, that he advised the city of his planned absence.

On review, petitioner argues that the city violated the notice requirements of ORS 197.763, because it did not mail notice of the February 6 hearing at least 20 days in advance of the hearing. ORS 197.763 provides, in pertinent part:

> "The following procedures shall govern the conduct of quasi-judicial land use hearings conducted before a local governing body, planning commission, hearings body or hearings officer on application for a land use decision * * *:

> "* * * * *

> "(3)  The notice provided by the jurisdiction shall:

> "* * * * *

> "(f)  Be mailed at least:

> "(A)  Twenty days before the evidentiary hearing; or

> "(B)  If two or more evidentiary hearings are allowed, 10 days before the first evidentiary hearing[.]"

Petitioner asserts that the city's failure to provide timely notice prejudiced him, because he did not have sufficient time to prepare written comments or to be present at the planning commission hearing on the subdivision.

The city and Temple rely on *Beck v. City of Tillamook,* 313 Or 148, 151, 831 P2d 678 (1992), in support of their view that, for purposes of the notice requirements of ORS 197.763(3), the initial hearing before the city and the hearing following remand are simply two phases of the same case. Consequently, the city and Temple assert that, because the subdivision request was before the planning commission on remand, the remand hearing should be regarded as a second evidentiary hearing and, therefore, the city's notice satisfied ORS 197.763(3)(f)(B).

■■     For the reasons that we will explain, we agree with petitioner that the 20-day notice requirement of ORS 197.763(3)(f)(A) applies. We conclude that an evidentiary hearing conducted for the purpose of complying with an order of a reviewing body should not automatically be treated as if it were one of two or more evidentiary hearings for purposes of ORS 197.763(3)(f).

We have not previously addressed the question presented here. In *Apalategui v. Washington Co.*, 80 Or App 508, 513-14, 723 P2d 1021 (1986), we held that a local government did not err by failing to follow notice procedures for hearings concerning local ordinances.[4] We reasoned that, if proper notice were given before a hearing, it is sufficient that a continuance simply be announced at the close of that hearing. Under those circumstances, notice to interested persons is satisfied because, presumably, persons interested in the case would follow the properly published notice and appear at the first hearing. As long as the continuance was announced, interested persons were not precluded from continuing to follow the progress of the application.

This case presents a different circumstance. Nothing in LUBA's remand to the city sets a time limit or discrete date for the city to take action on remand. The only way that a person who has standing, and is otherwise eligible to participate in the remand hearing, would be aware of the hearing would be if and when the city provided notice. Further, while the city's proceedings pursuant to the remand may be understood to be part of the subdivision case as a whole, it does not follow that an evidentiary hearing held in response to a remand is part of the original evidentiary proceeding before the city. The city's initial evidentiary process was

---

[4] In *1000 Friends of Oregon v. Lane County*, 102 Or App 68, 70, 793 P2d 885 (1990), we held that ORS 197.763 overrules *Apalategui* and *Lane County v. City of Eugene*, 54 Or App 26, 633 P2d 1306 (1981), to the extent that they are inconsistent with the statute. However, the portion of the statute that we addressed as being inconsistent with the two opinions concerned preservation issues. We did not expressly address the rationale announced in *Apalategui* that, if statutorily required notice is properly given for a hearing, the required notice need not be given again for a continuance of that hearing provided the continuance is announced. *See* ORS 197.763(6) (providing, in part, that, "[i]f the hearings authority grants a continuance, the hearing shall be continued to a date, time and place certain at least seven days from the date of the initial evidentiary hearing").

closed with the final subdivision approval. No further evidentiary hearings were then announced or contemplated. That approval was appealed to LUBA and, as explained above, LUBA's disposition required that certain evidentiary matters be reconsidered and addressed. In this case, the city's compliance with the remand is a new phase of the case requiring one or more new evidentiary hearings. The February 6 hearing was held to review additional information and amendments made in the subdivision plat to address concerns identified by LUBA. This hearing was not simply another in a string of announced evidentiary hearings on the initial application. Consequently, we conclude that the city was obligated to provide 20 days' notice of the new evidentiary hearing under ORS 197.763(3)(f)(A).[5]

Contrary to the city's and Temple's position, our conclusion is not inconsistent with the Supreme Court's decision in *Beck*, where the court reasoned, in part:

"The parties' first disagreement is whether *Beck I* and *Beck II* are two separate cases or, instead, two phases of the same case. Although there were two successive appeals to LUBA, there is but one case. There was one application for one conditional use permit on one piece of property. Thus, the question is simply whether the appellate court can review legal issues that LUBA decided, not in the order under review, but in an earlier order in the same case, for which judicial review was not sought. Under the applicable statutes, the answer is 'no.'" 313 Or at 151.

Thus, in *Beck*, the court did not decide the issue of whether notice of one phase of a land use proceeding will satisfy the need for notice of a subsequent and entirely separate phase of the proceeding.

Persons otherwise entitled to participate in a land use proceeding on remand should not be required to inquire of the local government, repeatedly and at close intervals, as to when and where any remand hearing will be held. Nothing in the statutory scheme suggests that it should be the responsibility of the interested participants to closely monitor a

---

[5] We do not suggest that this same process applies when the matter on remand does not involve consideration of evidence but addresses only matters of law. We express no opinion on notice requirements to be applied under such circumstances.

local government to ensure that the opportunity to exercise the right of participation is not missed.

■ We hold that the city violated the notice requirements of ORS 197.763(3)(f)(A). Consequently, we must address whether petitioner suffered prejudice to a substantial right. LUBA held that petitioner was not prejudiced. LUBA explained:

> "We have held that where a local government fails to provide *any* notice of proceedings on remand, a petitioner's substantial rights are prejudiced. *DLCD v. Crook County*, 37 Or LUBA 39, 43 (1999). Here, petitioner received 10 days' notice, which is adequate time to make arrangements to appear in person, in writing or through a representative. The fact that petitioner was out of town part or all of that time does not justify a different result." *Hausam*, 40 Or LUBA at 240-41 (emphasis in original).

We do not agree with LUBA's conclusion that what occurred here did not constitute prejudice to petitioner. LUBA found that the notice was mailed on January 25, and that, "using petitioner's estimate of mailing time, petitioner received notice of the February 6, 2001[,] hearing on January 27, 2001, 10 days prior to the hearing." 40 Or LUBA at 240. LUBA also found that "[p]etitioner was out of town during the week of February 6, 2001." *Id.* at 235. Thus, under LUBA's findings, the notice should have been received by petitioner 10 days before the hearing, and petitioner was out of town during "part or all of that time." *Id.* at 241. Significantly, neither the city nor Temple contends that petitioner had actual knowledge of the hearing before it was held, nor do they contest his assertion that, had he received the statutorily required 20 days' notice, he could have made arrangements to participate in the February 6 proceeding. Essentially, LUBA's holding was that 10 days' notice was sufficient and that, regardless of the circumstances, it was not prejudicial. We disagree.

Our decision in *1000 Friends of Oregon* is instructive. There, we adopted LUBA's reasoning that the " 'legislature indicated that [10] days between the mailing of hearing notice and the required submittal of evidence is not adequate

when it changed the [10-]day notice requirement in the original [house bill] to the 20[-]day requirement enacted in ORS 197.763.' " 102 Or App at 72. We believe that the legislative decision to provide for 20 days' notice in this type of proceeding is significant. We conclude that, considering the failure of the city to comply with the 20-day notice requirement of the statute and the particular circumstances of this case, petitioner had an inadequate opportunity to participate in the remand process and, consequently, was prejudiced. None of the parties' other arguments merit discussion.

Reversed and remanded.